Cause No._____

**Jury**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| PAMELA HILL, <br>     Plaintiff <br><br> vs. <br><br> HOUSING AUTHORITY OF <br> TEXARKANA, TEXAS <br>     Defendant | § § § § § § § § § § | Plaintiff's Original Complaint <br> and Demand for Trial by Jury |

## PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff PAMELA HILL for her Original Complaint and Demand for Trial by Jury states as follows:

### I.
### PARTIES

1.1   Plaintiff, Pamela Hill, is an individual who is a citizen of the State of Texas and resident of Bowie County, Texas.

1.2   Defendant, Housing Authority of Texarkana, Texas, is an entity with its main offices located at 1661 North Robinson Road, Texarkana, Texas. It may be served through its Executive Director, Antonio Williams at this address.

### II.
### JURISDICTION

2.1   Jurisdiction exists in this Honorable Court because this case involves a Federal Question pursuant to 28 USC 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 USC section 2000e, et.seq.

## III.

## VENUE

3.1     Venue is proper in the Eastern District of Texas pursuant to 42 USC 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claim occurred in this District.

## IV.

## EXHAUSTION OF ADMINISTRATION PROCEDURES

4.1     Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.  The EEOC assigned Plaintiff's claim file number 453-214-00650.  A copy of the notice of the right to sue is attached as Exhibit A.

## V.

## FACTS AND ALLEGATIONS SUPPORTING DISCRIMINATION UNDER TITLE VII

5.1     Plaintiff first went to work for Defendant on the date of October 30, 2000, and was terminated by Defendant on the date of May 15, 2014. Plaintiff contends that her termination on May 15, 2014 was in violation of 42 USC 2000e-3, as such discharge was in retaliation for Plaintiff's previous filing of a charge against Defendant for violation of Title VII of the Civil Rights Act of 1964.  The previous charge was assigned file number 450-2013-02413.   This adverse employment action taken against Plaintiff that is asserted in the present lawsuit involves a materially adverse change in the terms and conditions of her employment, i.e., she was terminated, which allows her to advance the present action.

5.2     Defendant has contended that the reason that it discharged Plaintiff was because she failed to report to work and did not contact her supervisor or anyone at the Housing Authority for 3 or more consecutive work days.  Defendant claimed that this constituted a voluntary resignation for violating Defendant's employment policies.  Plaintiff contests that position of Defendant.

5.3. During the time that Plaintiff was off of work she was very ill and under the care of her doctor. Contrary to Defendant's allegations asserted in the EEOC proceeding advanced by Plaintiff against Defendant, and in accordance with the company policy, Respondent's mother dropped off doctor's notes with the Human Resources Manage on May 5, 2015 which was signed by the Human Resources Manager on May 5, 2014. The note from Plaintiff's doctor, dated May 5, 2014, stated that Plaintiff would be off work until further notice.

5.4 In accordance with Defendant's personnel policy, there is an exception to termination for failing to report to work without authorization from the employer, and that is in "... a situation in which the failure to report is beyond the employee's control and not the fault of the employee.".

5.5 When investigating the claim of Plaintiff in the EEOC proceeding, Ms. Lucy Orta, the Area Director of the EEOC office assigned to Plaintiff's claim, found in writing that the evidence obtained during the EEOC's investigation indicated that Defendant did not provide a non-discriminatory reason for discharging Plaintiff. Ms. Orta further found that Plaintiff provided medical documentation to the Defendant that controverted the Defendant's position that Plaintiff voluntarily resigned her employment. Ms. Orta found that documentation provided by Defendant to the EEOC was insufficient to show that Plaintiff failed to contract them before being discharged.

5.6 In its finding the EEOC provided the parties an opportunity to submit evidence in support of their respective positions and such documents were reviewed by the EEOC. Upon the review and consideration of these documents, the EEOC found that here was a reasonable cause to believe that Plaintiff was discriminated against by Defendant in being terminated after engaging in the protected activity of filing an earlier EEOC complaint against Defendant, that being cause 450-2013-02413.

5.7. The EEOC found that there was reason to believe that a violation had occurred as asserted by Plaintiff against Defendant in the underlying EEOC proceeding. The EEOC thereafter granted

Plaintiff her right to sue Defendant, as is required of Plaintiff to obtain in order to bring the present lawsuit.

5.8     Plaintiff contends that her termination from employment by Defendant was in retaliation for her filing of the earlier EEOC complaint, and thus is illegal and unlawful under 42 USC 2000e-5(f)(3).  Plaintiff is entitled to receive all damages and other relief to which she would show herself justly entitled under Title VII of the Civil Rights Act of 1964, as asserted below.

## VI.
## DAMAGES AND ATTORNEY'S FEES

6.1      Plaintiff seeks the recovery of damages she has incurred by the illegal actions of Defendant, including back pay, (lost wages and salary and fringe benefits), front pay, compensatory damages for emotional distress, pain and suffering, harm to reputation caused by the Defendant's unlawful actions.

6.2     Plaintiff also seeks the recovery of punitive damages for the unlawful actions it took against her.  Plaintiff will show that the Defendant engaged in discriminatory conduct with the knowledge that it might be in violation of federal anti-discrimination laws.

6.3     Plaintiff is also entitled to receive reasonable attorneys from Defendant.

6.4     Plaintiff is entitled to receive her taxable court costs.

6.5     Plaintiff is entitled to receive pre-judgment and post-judgment interest on all sums recoverable as allowed by law.

## VII.
## PRAYER

       WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that after services of Summons and Complaint upon Defendant, and the time for answering by Defendant has passed, that Plaintiff be awarded all such relief to which she asserts in this action, and such other and further relief to which he would show herself justly entitled, whether at law or equity.

Respectfully submitted,

Mark C. Burgess
**BURGESS LAW FIRM, PLLC**
4201 Texas Boulevard
Texarkana, Texas 75503
Telephone:      903-838-4450
Facsimile:       844-270-5674
Email:  mark@markburgesslaw.com

By:        /s/Mark C. Burgess
           Mark C. Burgess
           TSB 00783755

# Exhibit "A"

**U.S. Department of Justice**

Civil Rights Division

VG:KDW:KLF
DJ 170-75-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7010 0290 0000 2017 1268
RETURN RECEIPT REQUESTED

AUG 24 2016

Ms. Pamela D. Hill
482 County Road 2311
Texarkana, TX 75503

Re: Pamela D. Hill v. Housing Authority of City of Texarkana, Texas
EEOC Charge No. 453-214-00650

*453-2014-00650 -Charge #*

Dear Ms. Hill:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's El Paso Area Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Lucy V. Orta, Director, EEOC, 300 E. Main Drive, Suite 500, El Paso, TX 79901-1331.

*915-534-4502*

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

By: *[signature]*

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

*\* Freedom of Information Act*
*453-2014-00650 Charge #*

*Freed of Info Act.*
*FOIA*

cc: Housing Authority of City of Texarkana, Texas
Louise Tausch, Esquire